# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY BERNARD MORRIS, | Case No.: 1:18-cv-00262-BAM |
| Plaintiff, | **ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |
| v. | |
| ANDREW M. SAUL,[1] Commissioner of Social Security, | |
| Defendant. | |

## INTRODUCTION

Plaintiff Johnny Bernard Morris ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits under Title II of the Social Security Act and supplemental security income under Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[2]

---

[1] Andrew M. Saul is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit.
[2] The parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). (Doc. Nos. 7, 8.)

1

Having considered the briefing and record in this matter, the Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole and based upon proper legal standards. Accordingly, this Court affirms the agency's determination to deny benefits.

## FACTS AND PRIOR PROCEEDINGS

Plaintiff filed applications for disability insurance benefits and supplement security income on October 29, 2014. AR 218-.28[3] Plaintiff alleged that he became disabled on January 1, 2014, due to bipolar disorder, depression, stress, COPD, anxiety, schizophrenia, arthritis in lower back, sleep disorder, high cholesterol, erectile disfunction and hearing voices. AR 254, 270. Plaintiff's applications were denied initially and on reconsideration. AR 154-58, 162-67. Subsequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). ALJ Nancy Lisewski held a hearing on November 23, 2016, and issued an order denying benefits on December 22, 2016. AR 1-13, 70-91. Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. AR 22-25. This appeal followed.

### Hearing Testimony

The ALJ held a hearing by video on November 23, 2016, in San Francisco, California. Plaintiff appeared in Bakersfield, California with his attorney, John Molitoris. Impartial Vocational Expert ("VE") Linda M. Ferra also appeared. AR 4, 72.

In response to questioning by the ALJ, Plaintiff testified that he was 53 years of age and lives with his 18-year-old autistic son and 16-year old daughter. He last worked in 2012 as a machinist for Crane Aerospace, but could no longer perform that work because he has a problem working with others and following instructions. He also cannot learn the processes of new machines and new operations, handle tools or parts, and cannot sit and stand with the machines because of his back. AR 75-76.

In response to questioning by his attorney, Plaintiff testified that the physical limitations preventing him from working are his back, hand and right shoulder. He also has problems with his

---

[3] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

hips and feet. He had a motor vehicle accident in March 2014, and things changed physically after that time. AR 79-80. He had limited range of motion in his neck and back, with some numbness down his right leg. His doctor has recommended surgery, but Plaintiff did not follow up on it. Plaintiff has had trigger-finger surgery on the middle finger of his right hand, but it did not help. He is ambidextrous and does not have any problems with his left hand. With his right hand, the heaviest he can lift is about five pounds, and lifting more would cause his right shoulder to hurt. AR 79-82.

When asked about his ability to sit, Plaintiff testified that he can sit about 15 minutes before he has pain in his lower back. He can stand about 15 minutes and walk less than half a block before he is out of breath. He has been diagnosed with COPD and has history of smoking. He used to smoke three packs per day, but is now down to five cigarettes per day. He is still trying to quit smoking. AR 82-84.

When asked about his daily activities, Plaintiff testified that he can shop by himself and can do so for about 15 or 20 minutes before his back starts to hurt. When at home, he lies down all the time because he is depressed and has pain. His condition has worsened since 2012, and he sometimes does not want to go to the doctor because he does not want to know that his body is breaking down. AR 84-86

Following Plaintiff's testimony, the ALJ elicited testimony from VE Ferra. The VE classified Plaintiff's past work as machinist, home attendant, yard worker, and truck driver. The ALJ also asked the VE hypothetical questions. For the first hypothetical, the ALJ asked the VE to assume an individual of Plaintiff's same age, education and work background limited to light work who could frequently climb ramps and stairs, could occasionally climb ladders, ropes, and scaffolds, and could occasionally stoop, kneel, crouch and crawl and had no limits with balancing. The VE testified that this individual could perform Plaintiff's past work as a machinist and home attendant, both as performed, and could perform alternative work, such as housekeeping cleaner, packing line worker and photocopy machine operator. AR 87-88.

For the second hypothetical, the ALJ asked the VE to consider a person limited to sitting for two hours in a work day and standing and walking for two hours. The VE testified that there would not be any work. AR 88.

For the third hypothetical, Plaintiff's counsel asked the VE to add to the first hypothetical an individual that required extra breaks, cumulative throughout the day and totaling one hour of an eight-hour day. The VE testified that such an individual would not be able to sustain any competitive work. AR 89.

For the fourth hypothetical, Plaintiff's counsel asked the VE to change breaks to an individual who would miss three or more days of work per month on an ongoing, consistent basis. The VE testified that this individual would not be able to perform any past relevant work or any other job in the national economy. AR 89-90.

For the fifth hypothetical, Plaintiff's counsel asked the VE to consider the second hypothetical individual with two hours of sitting and two hours of standing, walking, and would be at the sedentary level of exertion, lifting up to ten pounds occasionally and ten pounds or less frequently. The VE testified that it would not change her testimony. AR 90.

**Medical Record**

The relevant medical record was reviewed by the Court, and will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act. AR 1-13. Specifically, the ALJ found that Plaintiff engaged in substantial gainful activity during the period from January 2011 through October 2014. However, there had been a continuous 12-month period during which Plaintiff did not engage in substantial gainful activity. AR 6. The ALJ found Plaintiff's degenerative disc disease to be a severe impairment, but that he did not have an impairment or combination of impairments that met or equaled one of the listed impairments. AR 7. Based on a review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work except that he could frequently climb stairs, occasionally climb, kneel, stop, crouch and crawl, and balance with no limitations. AR 7-11. With this RFC, the ALJ found that Plaintiff could perform his past relevant work as machinist and caregiver. AR 11-12. Alternatively, the ALJ concluded that Plaintiff could perform other jobs that exist in the national economy, such as

housekeeping cleaner, packaging line worker, and photo copy machine operator. AR 12. The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act. AR 12-13.

## **SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## **REVIEW**

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

In this case, Plaintiff's sole contention is that the ALJ failed to articulate any basis for rejecting limitations found in the report of the consultative psychiatric examiner, Dr. Lanita Barnes.

**DISCUSSION**[4]

On December 28, 2014, Dr. Barnes completed a consultative psychiatric evaluation. Following a mental status examination, Dr. Barnes concluded that Plaintiff met the criteria "for an Axis I diagnosis of Adjustment Disorder, Substance induced psychotic symptoms, in remission, per claimant; erectile dysfunction; and a rule out of No Diagnosis" and assigned him a Global Assessment of Functioning ("GAF") of 63. AR 644-45. However, Plaintiff "did not present with mental impairment or symptoms." (*Id.* at 645.) Dr. Barnes opined that Plaintiff was not capable of managing his own funds in his own best interest, but was unimpaired in his ability to understand, recall, and perform simple one step to three-step instructions. Dr. Barnes also determined that Plaintiff was not significantly impaired in understanding and performing more detailed and complex instructions. His ability to communicate, relate, and interact appropriately with others, including peers, coworkers, and the public was not significantly impaired. However, Plaintiff was impaired in his ability to maintain concentration, focus, and attention, as well as persistence and pace as he presented with poor verbalization and persistence. His ability to manage daily tasks and work-related activity, including regular attendance, was unimpaired. He also was managing current stressful circumstances and conditions and was not prevented from engaging in work related activity due to a psychiatric condition. (*Id.* at 645-46.)

The ALJ summarized Dr. Barnes' opinion as follows:

> Regarding the claimant's mental health, I rely upon the December 2014 report of consultative examiner Dr. Lanita Barnes, psychologist, who interviewed and examined the claimant, and diagnosed the claimant with adjustment disorder, substance induced psychotic symptoms in partial remission, personality disorder NOS, borderline intellectual functioning, and a global assessment of functioning rating of 63. Regarding functional limitations, Dr. Barnes found that the claimant is not prevented from engaging in work related activity due to a psychiatric condition.

---

[4] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

AR 10. The ALJ then assigned Dr. Barnes' opinion significant weight because it was consistent with the record as a whole.[5] AR 10-11.

Plaintiff argues that because the ALJ did not expressly discuss limitations on managing funds or in concentration, persistence, or pace, she implicitly rejected Dr. Barnes' opinion in part and erred by failing to give specific and legitimate reasons for doing so. (Doc. No. 13 at 7-8.) Plaintiff's argument is not persuasive.

Although the ALJ did not mention the portion of Dr. Barnes' opinion stating that Plaintiff had mild limitations in concentration, persistence and pace and an inability to manage his funds, she was not required to "discuss every piece of evidence." *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) ("[I]n interpreting the evidence and developing the record, the ALJ does not need to 'discuss every piece of evidence.'") (citation omitted); *Miranda v. Berryhill*, No. CV 17-7616-JPR, 2017 WL 5900530, at *5 (C.D. Cal. Nov. 29, 2017) (same). Here, Dr. Barnes' report expressly stated that Plaintiff did not present with mental impairment or symptoms. AR 645. The ALJ gave Dr. Barnes' report significant weight and discussed the overall findings, specifically noting Dr. Barnes' determination that Plaintiff is not prevented from working due to a psychiatric condition. Given that Dr. Barnes' report as a whole demonstrates that Plaintiff is capable of working full time, the ALJ's failure to mention the mild limitations in concentration, persistence and pace and the purported inability to manage funds does not require reversal. *See Ward v. Berryhill*, 711 Fed.Appx 822, 824, (9th Cir. Oct. 10, 2017) (holding that ALJ's failure to mention physician's observation of plaintiff's moderate impairment in the ability to maintain regular attendance in the work place and perform work activities on a consistent basis did not require reversal even though ALJ gave the physician's opinion "great weight" because physician's "report as a whole indicate[d] that [plaintiff was] capable of working full-time").

---

[5] The ALJ also adopted the findings of the State Agency psychiatrist, Dr. A. Garcia, who determined that the claimant's mental impairment was non-severe. Although the ALJ indicated that Dr. Garcia found that Plaintiff had mild limitations in activities of daily living; mild restrictions in social functioning, mild difficulties in concentration, persistence, or pace, and no episodes of decompensation, this is not correct. AR 10-11. Instead, Dr. Garcia found no restriction of activities of daily living, no difficulties in maintaining social functioning, no difficulties in maintaining concentration, persistence or pace and no repeated episodes of decompensation. AR 144.

Further, "[a]n ALJ must consider all of the evidence in the record, not just a lone sentence." *Ward*, 711 Fed.Appx. at 824. Despite noting mild limitations in concentration, persistence and pace and an inability to manage funds, Dr. Barnes also found Plaintiff "unimpaired in his ability to understand, recall, and perform simple one step to three-step instructions," was "not significantly impaired in understanding and performing more detailed and complex instructions," and was not impaired in his "ability to manage daily tasks and work related activity." AR 645. Dr. Barnes therefore concluded that Plaintiff was "not prevented from engaging in work related activity due to a psychiatric condition." AR 646. And, with respect to Dr. Barnes' assessment of Plaintiff's purported inability to manage funds, any such assessment was undermined by Plaintiff's own testimony that he cared for his two children, shopped and managed his own funds. (AR 282-84) (self-reporting by Plaintiff that cared for his children, shopped and was able to pay bills, count change, handle a savings account and use checkbook/money orders and that his ability to handle money had not changed since the illnesses, injuries or conditions began)—all evidence considered and discussed by the ALJ. AR 9-10.

Additionally, Plaintiff has not demonstrated that the ALJ's failure to expressly address and reject these limitations resulted in harmful error. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." (internal quotation marks omitted)). With the exception of Plaintiff's degenerative disc disease, all other alleged impairments were not severe, including Plaintiff's asserted mental impairment. AR 7. A non-severe impairment is one that does not have more than a minimal limitation on Plaintiff's ability to do basic work activities. See 20 C.F.R. §§ 404.1520a(d)(1) and 416.920a(d)(1). Because Plaintiff's mental impairments were non-severe and did not cause any significant impairments, the ALJ was not required to include them in Plaintiff's RFC. *See Krummel v. Comm'r of Soc. Sec.*, No. 1:17-cv-0260-BAM, 2018 WL 4204786, at *5 (E.D. Cal. Sept. 4, 2018) (indicating that because the ALJ found that Plaintiff's mental impairments were non-severe and did not cause any significant impairments, the ALJ was not required to include them in Plaintiff's RFC); *Jones v. Berryhill*, No. EDCV 17-1138-AS, 2018 WL 3956479, at *2 (C.D. Cal. Aug. 15, 2018) (finding that while an ALJ must consider non-severe limitations, an ALJ need not include them in the RFC if they do not cause more than a minimal limitation on a claimant's ability to work); *Ball v. Colvin*, No. CV

14-2110-DFM, 2015 WL 2345652, at *3 (C.D. Cal. May 15, 2015) ("As the ALJ found that Plaintiff's mental impairments were minimal, the ALJ was not required to include them in Plaintiff's RFC."); *see also Hoopai v. Astrue*, 499 F.3d 1071, 1077 (9th Cir. 2007) (explaining that the Ninth Circuit has not "held mild or moderate depression to be a sufficiently severe non-exertional limitation that significantly limits a claimant's ability to do work beyond the exertional limitation.").

## **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Andrew M. Saul, Commissioner of Social Security, and against Plaintiff Johnny Bernard Morris.

IT IS SO ORDERED.

Dated: **August 27, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE